BROCKMAN, APPELLANT, *v.* OHIO DEPARTMENT OF PUBLIC WELFARE, APPELLEE.

(No. 82AP-234—Decided August 17, 1982.)

*Mr. Donald J. Meyer, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Mark T. D'Alessandro,* for appellee.

STRAUSBAUGH, J. This is an appeal by plaintiff from a judgment of the Court of Claims finding that the Court of Claims is without jurisdiction over the subject matter, finding that plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim and dismissing plaintiff's complaint.

The record indicates that plaintiff had been a resident of Mount Washington Care Center as a private patient since June 30, 1980; that on December 9, 1980, plaintiff filed an application for Medicaid benefits as a nursing home resident but was not certified eligible until April 30, 1981, therefore receiving no Medicaid benefits for the months of January through March 1981 because of excess resources, which would have been reduced to the eligibility point in the month of January 1981, due to the expense of his nursing home care incurred during that month had he been notified of the need to do so. On April 30, 1981, plaintiff, through his son, requested an administrative review of the denial of his eligibility for January, February and March 1981. A hearing was held before a hearing officer of the Ohio Department of Public Welfare on June 6, 1981. On July 1, 1981, the hearing officer issued a decision affirming the denial of Medicaid benefits for those three months. On November 23, 1981, plaintiff filed this action in the Court of Claims seeking an order directing the defendant to pay $2,190.45, the balance due Mount Washington Care Center for the cost of his nursing home care in January, February and March 1981. Thereafter, defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction. On March 3, 1982, the trial court dismissed plaintiff's complaint from which judgment this appeal is taken.

The nature of plaintiff's complaint is to seek performance of an act by the Department of Public Welfare and to make the determination within a specific time period. The proper action to compel a public officer to perform a duty imposed by law is in the nature of mandamus or another extraordinary writ. The basic purpose of the writ of mandamus is to

compel a public officer to perform the duties imposed upon him by law. Even though such duties involve the use of discretion, a court, although it cannot control such discretion, may compel the exercise of such discretion. *State, ex rel. Scott, v. Masterson* (1962), 173 Ohio St. 402, at 404 [20 O.O.2d 36]. Inasmuch as mandamus preceded the establishment of the Court of Claims, it is the only remedy available to plaintiff. We, therefore, find that the Court of Claims is without jurisdiction to rule upon the subject matter of this action.

Furthermore, inasmuch as R.C. 2743.02 establishes the Court of Claims "in accordance with the same rules of law applicable to suits between private parties * * *," we find that there is no liability imposed by law against private parties for delays in processing applications as is alleged in plaintiff's complaint. Therefore, even if there were jurisdiction, we find that the trial court did not abuse its discretion, construing plaintiff's complaint most favorably in favor of plaintiff, in dismissing plaintiff's complaint.

We, therefore, overrule plaintiff's single assignment of error on the grounds that the trial court lacked subject matter jurisdiction over plaintiff's complaint, thereby affirming the judgment of the Court of Claims.

*Judgment affirmed.*

McCORMAC and MOYER, JJ., concur.