**[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 215.]**

CLEVELAND BAR ASSOCIATION *v.* HERZOG.

[Cite as *Cleveland Bar Assn. v. Herzog*, 1999-Ohio-30.]

*Attorneys at law—Misconduct—Six-month suspension—Misrepresentations, lack of candor, and failure to fully cooperate in personal bankruptcy proceeding.*

(No. 99-1157—Submitted August 25, 1999—Decided November 10, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-76.

_____

{¶ 1} In October 1998, relator, Cleveland Bar Association, filed a complaint charging respondent, Arnold Herzog of Cleveland, Ohio, Attorney Registration No. 0022103, with violating several Disciplinary Rules. After respondent filed an answer, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on the stipulations, exhibits, and testimony, the panel found that in May 1987, respondent's former client, Sylvester McClarty, filed a legal malpractice action against him, and McClarty subsequently obtained a $40,000 judgment against respondent. In December 1989, Herzog filed for bankruptcy under Chapter 7 of the Bankruptcy Code. The bankruptcy was a one-creditor case, *i.e.*, McClarty.

{¶ 3} As respondent conceded, throughout the bankruptcy proceeding, he was less than candid and resisted efforts to discover assets. For example, during a hearing in the bankruptcy proceeding, respondent testified that he stopped practicing law in 1987 and did not have any new clients after that time. He later admitted that this testimony was false. Respondent also failed to cooperate with the bankruptcy trustee's requests for him to produce all supporting documentation

for his income tax returns and failed to fully explain his interest in or use of certain assets, *e.g.*, the net proceeds of a sale of a house and his interest in a treasury bill.

{¶ 4} At the conclusion of the proceeding, the bankruptcy court, in denying respondent's attempts to exempt his IRA and KEOGH accounts on grounds they were reasonably necessary for his support, found that "[t]he evidence establishes that [respondent] * * * was less than candid in disclosing his labors and income in the past 3 years."

{¶ 5} Respondent appealed the bankruptcy court's judgment, but later dismissed the appeal and, pursuant to the bankruptcy trustee's motion to settle and compromise all claims in the case, paid McClarty with money from his IRA and KEOGH accounts.

{¶ 6} The panel concluded that respondent's conduct violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law).

{¶ 7} In mitigation, the panel found that respondent practiced law with an unblemished record from 1957 until 1986. After the law firm he had worked with dissolved following the deaths of two of the five lawyers in the firm, he became depressed and suffered marital difficulties. Respondent introduced letters from six attorneys who stated that respondent was a person of the highest personal and professional integrity.

{¶ 8} The panel recommended that respondent be suspended from the practice of law in Ohio for one year, with six months of that suspension stayed as long as no further disciplinary complaints are filed against respondent during that time. The board adopted the panel's findings of fact and conclusions of law, but recommended that respondent be suspended from the practice of law in Ohio for six months.

_____

*Steven S. Kaufman* and *Lynn A. McLaughlin*, for relator.

*Charles W. Kettlewell* and *Dennis P. Murray*, for respondent.

————————————

***Per Curiam.***

{¶ 9} We affirm the findings, conclusions, and recommendation of the board. " '[W]hen an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time.' " *Disciplinary Counsel v. Eisenberg* (1998), 81 Ohio St.3d 295, 296, 690 N.E.2d 1282, 1283, quoting *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240.

{¶ 10} Respondent's conduct throughout the bankruptcy proceeding, including his misrepresentations, lack of candor, and failure to fully cooperate, warrants a suspension. We will not allow attorneys who lie to courts to continue practicing law without interruption. See *Toledo Bar Assn. v. Batt* (1997), 78 Ohio St.3d 189, 192, 677 N.E.2d 349, 352. Respondent is hereby suspended from the practice of law in Ohio for six months. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————