TALWAR

v.

STATE MEDICAL BOARD OF OHIO.

[Cite as *Talwar v. State Med. Bd. of Ohio,* 156 Ohio App.3d 485, 2004-Ohio-1301.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–644.

Decided March 18, 2004.

Matan, Geer & Wright and Robert D. Noble, for relator.

Jim Petro, Attorney General, and Rebecca J. Albers, Assistant Attorney General, for respondent.

BOWMAN, Judge.

{¶ 1} Relator, Dr. Raman K. Talwar, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, the State Medical Board of Ohio ("board"), to initiate disciplinary action against Dr. Bilal

Kattan. In response, the board filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided that the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision.

{¶ 3} In his objections, relator argues that the magistrate applied an incorrect standard in ruling on the motion to dismiss, because the magistrate went beyond the record in order to conclude that respondent had found no probable cause to initiate discipline and, further, that the magistrate failed to accept the allegations in the complaint as true by failing to consider Dr. Kattan's action to be intentional and fraudulent.

{¶ 4} In *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 95, 647 N.E.2d 788, the Ohio Supreme Court stated:

"A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381. In reviewing the complaint, the court must take all of the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

" ' "A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted." ' *Id.*, quoting *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 224, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785. 'In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted * * *, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

"Thus, a complaint for a writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for the relator with sufficient particularity to put the respondent on notice of the substance of the claim(s) being asserted against it, and it appears that the plaintiff might prove some set of facts entitling him to relief."

{¶ 5} R.C. 4731.22(F)(1) imposes a mandatory duty on the State Medical Board to investigate allegations of violations of R.C. Chapter 4731 or any rule adopted by the board. R.C. 4731.39 mandates that, if the secretary of the medical board,

following an investigation, finds probable cause for a violation, he is to file a complaint against the violator.

{¶ 6} In his complaint, relator alleges that Dr. Kattan made false statements about relator's care of his patients, which resulted in Lima Memorial Hospital's denying relator staff privileges. In paragraph six of his complaint, relator states that he filed a written complaint against Dr. Kattan with the board and that the board investigated. Relator also admits that he received a letter from the board stating:

"* * * [T]he review of Dr. Talwar's complaint by the Board's Secretary and Supervising Member did not support the initiation of disciplinary action against Dr. Kattan under the Ohio Medical Practices Act."

{¶ 7} While admittedly this letter did not use the term "no probable cause," the import is clear, and the magistrate reasonably interpreted this statement to be a finding of no probable cause. The magistrate did not go beyond the face of the complaint to reach this conclusion. Contrary to relator's assertion, there is no statutory duty on the part of the board to issue a finding of probable cause or no probable cause, or to state the reasons for its conclusions.

{¶ 8} Nothing in R.C. 4731.22 mandates disciplinary action against a doctor whose license has become inactive. Also, contrary to relator's assertion, while R.C. 4731.22(M) provides that a doctor's failure to renew a license does not automatically avoid discipline, that statute also does not require the board to take disciplinary action in such an instance.

{¶ 9} We further disagree with relator's contention that the magistrate failed to accept the allegations in his complaint as true because he alleged that the statements by Dr. Kattan were intentionally fraudulent in violation of R.C. 4731.22(B)(5). The board could reasonably conclude that alleged defamatory statements by one doctor against another would not necessarily be encompassed within that statutory provision. Regardless, the board's mandatory duty is to investigate a complaint and, if it finds probable cause of a violation, to charge the violator. Whether the facts found by the board in the course of its investigation support a finding of probable cause is within the board's discretion and cannot be controlled by mandamus. Here, the board complied with its statutory duty. Although not addressed by the magistrate, the complaint fails to allege that relator has no adequate remedy in the ordinary course of law. Relator's remedy would appear to be a civil action for damages.

{¶ 10} Upon a review of the magistrate's decision and an independent review of the file, this court adopts the magistrate's decision as its own. Relator's

objections to the magistrate's decision are overruled, and the requested writ of mandamus is denied.

> Objections overruled
> and writ of mandamus denied.

BROWN and SADLER, JJ., concur.

## APPENDIX A

### MAGISTRATE'S DECISION

Rendered on Aug. 28, 2003

### IN MANDAMUS

### ON MOTION TO DISMISS

{¶ 11} Relator, Dr. Raman K. Talwar, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, the State Medical Board of Ohio ("Medical Board"), to initiate disciplinary action against Dr. Bilal Kattan. The Medical Board has filed a motion to dismiss.

Findings of Fact

{¶ 12} 1. Relator filed a complaint in this court on June 25, 2003.

{¶ 13} 2. In his complaint, relator recites the following facts: (1) on September 25, 1997, relator requested that the Medical Board investigate and take disciplinary action against Dr. Kattan; (2) relator alleged that Dr. Kattan made false allegations to the Lima Memorial Hospital Medical Executive Staff Committee in the scope of its review of relator regarding his patient care; (3) relator alleged that Dr. Kattan fabricated data relative to relator's patients, altered medical records, provided false information, and levied false charges against relator; and (4) because of Dr. Kattan's actions, the hospital refused to give relator staff privileges.

{¶ 14} 3. The Medical Board assigned the matter to a field investigator who investigated Dr. Kattan's actions and issued a report to the Medical Board in January 1998.

{¶ 15} 4. By letter dated January 28, 1999, the Medical Board informed relator that the secretary and supervising member did not support the initiation of disciplinary action against Dr. Kattan.

{¶ 16} 5. Relator filed the instant mandamus action in this court asserting that the Medical Board has unlawfully refused to take disciplinary action against Dr. Kattan.

{¶ 17} 6. The Medical Board has filed a motion to dismiss.

{¶ 18} 7. Relator has filed a memorandum contra.

{¶ 19} 8. The matter is currently before the magistrate on the motion to dismiss.

## Conclusions of Law

{¶ 20} The Supreme Court of Ohio has set forth three requirements that must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. Relator contends that the Medical Board has abused its discretion by failing to take disciplinary action against Dr. Kattan. For the reasons that follow, this magistrate finds that relator has not demonstrated an abuse of discretion and is not entitled to a writ of mandamus.

{¶ 21} It is undisputed that the moving party bears the substantial burden of affirmatively showing from the allegations of the complaint that no set of facts can be established entitling the nonmoving party to relief. Civ.R. 12(B); *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 327 N.E.2d 753.

{¶ 22} R.C. 4731.22 pertains to grounds for refusal to grant or revoke a certificate to practice medicine; hearings on investigations; reports; medical examinations; automatic suspensions; and quality intervention programs. Pursuant to R.C. 4731.22(B), the Medical Board shall, to the extent provided by law, limit, revoke, or suspend a certificate, refuse to register or refuse to reinstate an applicant, or reprimand or place on probation the holder of a certificate for any one of 34 separately enumerated reasons. R.C. 4731.22(C)(1) provides as follows:

> "*The board shall investigate evidence that appears to show that any person has violated any provision of this chapter or any rule adopted under it.* Any person may report to the board in a signed writing any information that the person may have that appears to show a violation of any provision of this chapter or any rule adopted under it. * * *

> "Each complaint or allegation of a violation received by the board shall be assigned a case number and shall be recorded by the board. Information received by the board pursuant to an investigation shall be confidential and not subject to discovery in any civil action.

> "*Investigations of alleged violations* of this chapter or any rule adopted under it *shall be supervised by the supervising member* elected by the board in

accordance with section 4731.02 of the Revised Code *and by the secretary* as provided in section 4731.39 of the Revised Code. * * *" (Emphasis added.)

{¶ 23} Thereafter, R.C. 4731.39 provides as follows:

"The secretary of the state medical board shall enforce the laws relating to the practice of medicine and surgery. If he has knowledge or notice of a violation, he shall investigate the matter, and, upon probable cause appearing, file a complaint and prosecute the offender. When requested by the secretary, the prosecuting attorney of the proper county shall take charge of and conduct such prosecution." (Emphasis added.)

{¶ 24} Accepting the allegations in relator's complaint as true, the Medical Board has indeed conducted an investigation of Dr. Kattan pursuant to relator's written charges. However, the Medical Board concluded that there was no probable cause to initiate further proceedings.

{¶ 25} The Medical Board has not abused its discretion. Instead, the Medical Board has complied with R.C. 4731.22(C)(1) and 4731.39 by investigating the matter. There is no duty on the Medical Board to initiate disciplinary actions in the event that the Medical Board finds that probable cause does not exist. Based upon his complaint, relator can prove no set of facts that would entitle him to relief.

{¶ 26} Based on the foregoing, it is this magistrate's decision that relator is not entitled to a writ of mandamus and that this court should grant respondent's motion to dismiss and deny relator's request for a writ of mandamus.

Decision accordingly.

/s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS
MAGISTRATE