BRUNNER, J.
 

 {¶ 1} Plaintiff-appellant, Randall E. Harris ("Harris"), appeals from a judgment of the Franklin County Court of Common Pleas, granting the Civ.R. 12(B)(6) motion to dismiss of defendants-appellees, Ohio Department of Veterans Services ("ODVS") and the Ohio Veterans' Homes ("OVH") (collectively "ODVS/OVH"). For reasons that follow, we reverse the trial court's decision.
 

 I. FACTS AND PROCEDURAL HISTORY
 

 {¶ 2} In July 1999, Harris began working as a pharmacy supervisor, a classified civil service position, at OVH. In 2008, the legislature created ODVS, legislating that OVH would become part of and administratively governed by the new ODVS. On August 1, 2010, in organizing the new department, ODVS and OVH appointed Harris to an unclassified civil service position, pharmacy operations manager. Harris worked in this position until February 10, 2014. On February 10, 2014, OVH terminated Harris for cause by a written notice of removal for "incompetency, inefficiency, dishonest, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of any policy or work rule of the officer's or employee's appointing authority, violation of this chapter or the rules of the director of administrative services or the commission, any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office." (Mar. 29, 2016 Compl. at ¶ 15.) Harris asserted his fall-back
 rights to his previous classified position.
 

 {¶ 3} On March 3, 2014, Harris appealed his removal to the State Personnel Board of Review ("SPBR") and on the same date filed a letter/appeal with SPBR alleging retaliation under R.C. 124.341. On April 23, 2015, SPBR issued stays of both cases that later expired when Harris subsequently withdrew his SPBR appeals on February 2, 2017, and SPBR closed the cases on May 19, 2017. On March 29, 2016, Harris filed a complaint for a writ of mandamus and for declaratory relief in the Franklin County Court of Common Pleas and amended his complaint twice. ODVS/OVH filed a motion to dismiss the second amended complaint on July 7, 2016. The trial court granted the motion to dismiss on November 30, 2016 and Harris filed a notice of appeal on December 29, 2016.
 

 II. ASSIGNMENTS OF ERROR
 

 {¶ 4} Harris filed a notice of appeal and raised the following assignments of error for review:
 

 [1.] THE LOWER COURT ERRED WHEN IT RULED THAT APPELLANT HAD NO CLEAR LEGAL RIGHT TO HIS PREVIOUSLY-HELD CLASSIFIED CIVIL SERVICE POSITION OF PHARMACY SUPERVISOR.
 

 [2.] THE LOWER COURT ERRED WHEN IT RULED THAT APPELLEES HAD NO CLEAR LEGAL DUTY UNDER R.C. SEC. 124.11(D) TO PLACE APPELLANT INTO HIS PREVIOUSLY-HELD CLASSIFIED CIVIL SERVICE POSITION OF PHARMACY SUPERVISOR.
 

 [3.] THE LOWER COURT ERRED WHEN IT RULED THAT APPELLANT HAD NO RIGHT TO RELIEF UNDER R.C. SEC. 2721.03 -05 AS TO A DECLARATION OF HIS RIGHTS UNDER R.C. SEC. 124.11(D).
 

 III. STANDARD OF REVIEW
 

 {¶ 5} Harris filed a complaint for a writ of mandamus and a claim for declaratory judgment that the trial court dismissed pursuant to Civ.R. 12(B)(6). " 'A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus.' "
 
 State ex rel. Womack v. Marsh
 
 ,
 
 128 Ohio St.3d 303
 
 ,
 
 2011-Ohio-229
 
 ,
 
 943 N.E.2d 1010
 
 , ¶ 8, quoting
 
 State ex rel. Russell v. Thornton
 
 ,
 
 111 Ohio St.3d 409
 
 ,
 
 2006-Ohio-5858
 
 ,
 
 856 N.E.2d 966
 
 , ¶ 9. A court of appeals uses a de novo standard to review a dismissal by the trial court pursuant to Civ.R. 12(B)(6).
 
 Agrawal v. Univ. of Cincinnati
 
 , 10th Dist. No. 16AP-293,
 
 2017-Ohio-8644
 
 ,
 
 2017 WL 5608180
 
 , ¶ 8.
 

 {¶ 6} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint."
 
 State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
 
 ,
 
 65 Ohio St.3d 545
 
 ,
 
 605 N.E.2d 378
 
 (1992). When reviewing the complaint, the court must regard all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party.
 

 Id.
 

 "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted ( Civ.R. 12(B)(6) ), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."
 
 O'Brien v. Univ. Community Tenants Union
 
 ,
 
 42 Ohio St.2d 242
 
 ,
 
 327 N.E.2d 753
 
 (1975), syllabus. "Thus, a complaint for a writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6), if the complaint
 alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for the relator with sufficient particularity to put the respondent on notice of the substance of the claim(s) being asserted against it, and it appears that the plaintiff might prove some set of facts entitling him to relief."
 
 Talwar v. State Med. Bd.
 
 ,
 
 156 Ohio App.3d 485
 
 ,
 
 2004-Ohio-1301
 
 ,
 
 806 N.E.2d 1009
 
 , ¶ 4 (10th Dist.).
 

 IV. DISCUSSION
 

 A. First and Second Assignments of Error
 

 {¶ 7} At the outset, we note that Harris has sought relief under both mandamus and declaratory judgment. Declaratory judgment is provided for under R.C. 2721.12 et seq., and, as such, it is a legal remedy. While Ohio statute does contain provisions for a remedy in mandamus, that law, R.C. 2731.05, plainly provides the adequacy of a legal remedy (such as declaratory judgment) is a bar to the writ of mandamus. R.C. 2731.05 ("The writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law.").
 

 {¶ 8} However, the Supreme Court of Ohio has held that there cannot be a per se finding that the two actions are incompatible.
 
 State ex rel. Fenske v. McGovern
 
 ,
 
 11 Ohio St.3d 129
 
 ,
 
 464 N.E.2d 525
 
 (1984) ;
 
 State ex rel. Acres v. Ohio Dept. of Job & Family Servs.
 
 ,
 
 123 Ohio St.3d 54
 
 ,
 
 2009-Ohio-4176
 
 ,
 
 914 N.E.2d 170
 
 , ¶ 17. Allegations based in declaratory judgment, for example, encompass a statutory question and would provide a complete and adequate remedy, bar mandamus.
 
 State ex rel. Viox Builders, Inc. v. Lancaster
 
 ,
 
 46 Ohio St.3d 144
 
 , 145,
 
 545 N.E.2d 895
 
 (1989). But where declaratory judgment would not be a complete remedy unless coupled with mandatory injunction, the availability of declaratory judgment is not an appropriate basis for denying a writ of mandamus to which a relator may be otherwise entitled.
 
 Fenske
 
 ;
 
 State ex rel. Manley v. Walsh
 
 ,
 
 142 Ohio St.3d 384
 
 ,
 
 2014-Ohio-4563
 
 ,
 
 31 N.E.3d 608
 
 , ¶ 29. As a threshold matter, we must determine if Harris's mandamus claim is barred by availability of complete relief in declaratory judgment.
 

 {¶ 9} Because Harris's claims arise from his termination as an unclassified civil service pharmacy operations manager, he cannot seek relief (including appeal of denial of fall-back rights and/or an award of back pay) before the SPBR, since the SPBR only has jurisdiction to hear appeals regarding classified employees.
 
 See
 
 R.C. 124.03 ;
 
 State ex rel. Barley v. Ohio Depart. of Job & Family Servs.
 
 ,
 
 132 Ohio St.3d 505
 
 ,
 
 2012-Ohio-3329
 
 ,
 
 974 N.E.2d 1183
 
 , ¶ 8. And while mandamus is not available as a substitute for civil service appeals,
 
 State ex rel. Weiss v. Indus. Comm.
 
 ,
 
 65 Ohio St.3d 470
 
 , 477,
 
 605 N.E.2d 37
 
 (1992), when no such appeal can be had, mandamus may be appropriate.
 

 "It is well settled that 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus.' "
 
 Id.
 
 at ¶ 11, quoting
 
 State ex rel. Grendell v. Davidson
 
 [ (1999) ],
 
 86 Ohio St.3d 629
 
 , 634,
 
 1999-Ohio-30
 
 ,
 
 716 N.E.2d 704
 
 . The Supreme Court of Ohio and the Ohio courts of appeals lack original jurisdiction over actions that, although styled in mandamus, actually seek a declaration of rights, status or other legal relations. [
 
 State ex rel. Ohio Civ. Serv. Employees Assn., AFSCME, Local 11, AFL-CIO v. State Emp. Relations Bd.
 
 ,
 
 104 Ohio St.3d 122
 
 ,
 
 2004-Ohio-6363
 
 ,
 
 818 N.E.2d 688
 
 ("
 
 OCSEA
 
 "),] ¶ 11. Nevertheless,
 " 'where declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature of mandatory injunction, the availability of declaratory injunction is not an appropriate basis to deny a writ to which the relator is otherwise entitled.' "
 
 State ex rel. Dayton Fraternal Order of Police Lodge No. 44 v. State Emp. Relations Bd.
 
 (1986),
 
 22 Ohio St.3d 1
 
 , 8,
 
 22 Ohio B. 1
 
 ,
 
 488 N.E.2d 181
 
 , quoting
 
 State ex rel. Fenske v. McGovern
 
 (1984),
 
 11 Ohio St.3d 129
 
 ,
 
 11 Ohio B. 426
 
 ,
 
 464 N.E.2d 525
 
 , paragraph two of the syllabus. A declaratory judgment that merely announces the existence of a duty has generally not been deemed as adequate as a writ of mandamus that compels performance.
 
 OCSEA
 
 at ¶ 16, citing 1 Antieau, The Practice of Extraordinary Remedies (1987) 300, Section 2.06.
 

 State ex rel. Kingsley v. State Emp. Relations Bd.
 
 , 10th Dist. No. 09AP-1085,
 
 2011-Ohio-428
 
 ,
 
 2011 WL 335033
 
 , ¶ 7.
 

 {¶ 10} In order for a writ of mandamus to issue, the relator must demonstrate (1) that relator has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts requested, and (3) that relator has no plain and adequate remedy in the ordinary course of law.
 
 State ex rel. Berger v. McMonagle
 
 ,
 
 6 Ohio St.3d 28
 
 ,
 
 451 N.E.2d 225
 
 (1983). "[A] writ of mandamus can only be issued to require a public official to perform that duty which is required of an office, trust, or station."
 
 May v. State
 
 , 10th Dist. No. 87AP-1193,
 
 1988 WL 35816
 
 (Mar. 24, 1988).
 

 {¶ 11} Harris's first two assignments of error relate to mandamus. Because mandamus requires a determination that the relator has no plain and adequate remedy in the ordinary course of the law, we look first to whether declaratory judgment supplies such a plain and adequate remedy, negating the need for mandamus. In reliance on
 
 Kingsley
 
 , we find, even though Harris asserts the need for declaratory judgment on some of his issues, on the issues raised in mandamus Harris has no plain and adequate remedy in the ordinary course of the law, and these issues must be determined in mandamus by a court of competent jurisdiction. R.C. 2731.16 sets forth the explicit power of the court in issuing a writ of mandamus "to carry its order and judgment into execution, or to punish any officer named therein for contempt or disobedience of its orders or writs" and that other sections of the mandamus statute do not limit these powers. We also note that pursuant to R.C. 2731.11, Harris may recover damages against the State in a mandamus action, but the State has waived immunity from such damages only through statutory enactment of the Ohio Court of Claims, which has no original jurisdiction in mandamus. R.C. 2743.02. "[T]he Court of Claims has no authority to allow writs of mandamus [because] [t]hese are extraordinary writs, and are not encompassed within the grant of 'full equity powers' to the Court of Claims as found in R.C. 2743.03(A)."
 
 State ex rel. Mahoning Cty. Community Corrs. Assoc. v. Shoemaker
 
 ,
 
 12 Ohio App.3d 36
 
 , 37,
 
 465 N.E.2d 1351
 
 (10th Dist.1983), citing R.C. 2731.02, and
 
 Brockman v. Ohio Dept. of Public Welfare
 
 ,
 
 7 Ohio App.3d 239
 
 ,
 
 454 N.E.2d 1362
 
 (10th Dist.1982) ;
 
 Rosso v. Dept. of Adm. Serv.
 
 ,
 
 4 Ohio App.3d 312
 
 ,
 
 448 N.E.2d 524
 
 (10th Dist.1982).
 
 See also
 

 Dancy v. Molitoris
 
 , 10th Dist. No. 09AP-1382,
 
 2010-Ohio-1382
 
 ,
 
 2010 WL 1248844
 
 , ¶ 5, citing
 
 Mahoning
 
 . The upshot of this is that if Harris were to prove he is entitled to mandamus and damages for the circumstances that led him to bring the action, his financial recourse is against the State, and he would
 be required to seek his damages in a separate action in the Court of Claims.
 

 {¶ 12} But Harris must begin by proving two elements of mandamus as asserted in his first two assignments of error-that is, whether he had a clear legal right and whether the State had a clear legal duty. Harris argues first that the trial court erred when it held he had no clear legal right to his previously held classified civil service position of pharmacy supervisor. In his second assignment of error, Harris argues that the trial court erred because it held ODVS/OVH had no clear legal duty to provide him with his fall-back rights pursuant to R.C. 124.11. Since these are both prerequisites for a writ of mandamus to issue, we address them together.
 

 {¶ 13} Ohio's civil service scheme is embedded in the Ohio Constitution and is enacted in R.C. Chapter 124. Civil service employees are divided into classified and unclassified positions and the distinction is significant. R.C. 124.11. A classified employee can be removed only for good cause and only after the procedures set forth in R.C. 124.34 have been followed.
 
 Yarosh v. Becane
 
 ,
 
 63 Ohio St.2d 5
 
 , 9,
 
 406 N.E.2d 1355
 
 (1980). However, unclassified public employees may be terminated from their employment without cause and are not afforded the procedural safeguards in R.C. 124.34.
 
 Barr v. Harrison Cty. Common Pleas Court
 
 , 10th Dist. No. 05AP-760,
 
 2006-Ohio-1348
 
 ,
 
 2006 WL 726900
 
 , ¶ 9 ;
 
 Eudela v. Ohio Dept. of Mental Health & Mental Retardation
 
 ,
 
 30 Ohio App.3d 113
 
 , 114,
 
 506 N.E.2d 947
 
 (10th Dist.1986). Pursuant to R.C. 124.03, the SPBR has jurisdiction to hear appeals relating to job terminations filed by classified public employees.
 

 {¶ 14} Harris argues he had a constitutionally protected property interest in his classified employment and was entitled to fall-back rights and due process protections under R.C. 124.11(D) and the Ohio Constitution, Article II, Section 34, and Article XV, Section 10. Harris argues that the trial court abused its discretion in deciding his case because the decision was unreasonable and arbitrary.
 

 {¶ 15} Former R.C. 124.11(D) provided, in pertinent part:
 

 (1) This division does not apply to persons in the unclassified service who have the right to resume positions in the classified service under sections 4121.121, 5119.18, 5120.38, 5120.381, 5120.382, 5123.08, 5139.02, and 5501.19 of the Revised Code or to cities, counties, or political subdivisions of the state.
 

 (2) A person who holds a position in the classified service of the state and who is appointed to a position in the unclassified service shall retain the right to resume the position and status held by the person in the classified service immediately prior to the person's appointment to the position in the unclassified service, regardless of the number of positions the person held in the unclassified service. An employee's right to resume a position in the classified service may only be exercised when an appointing authority demotes the employee to a pay range lower than the employee's current pay range or revokes the employee's appointment to the unclassified service and:
 

 (a) That person held a certified position prior to July 1, 2007, in the classified service within the appointing authority's agency; or
 

 (b) That person held a permanent position on or after July 1, 2007, in the classified service within the appointing authority's agency.
 

 (3) An employee forfeits the right to resume a position in the classified service when:
 

 (a) The employee is removed from the position in the unclassified service due to incompetence, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of this chapter or the rules of the director of administrative services, any other failure of good behavior, any other acts of misfeasance, malfeasance, or nonfeasance in office, or conviction of a felony; or
 

 (b) Upon transfer to a different agency.
 

 (4) Reinstatement to a position in the classified service shall be to a position substantially equal to that position in the classified service held previously, as certified by the director of administrative services. If the position the person previously held in the classified service has been placed in the unclassified service or is otherwise unavailable, the person shall be appointed to a position in the classified service within the appointing authority's agency that the director of administrative services certifies is comparable in compensation to the position the person previously held in the classified service. Service in the position in the unclassified service shall be counted as service in the position in the classified service held by the person immediately prior to the person's appointment to the position in the unclassified service. When a person is reinstated to a position in the classified service as provided in this division, the person is entitled to all rights, status, and benefits accruing to the position in the classified service during the person's time of service in the position in the unclassified service.
 
 [1]
 

 {¶ 16} Based on this former statute and because ODVS/OVH separated him from his unclassified civil service position after he previously served in a classified position, Harris asserts "fall-back" rights to a previously held classified civil service position under former R.C. 124.11(D)(2). Harris relies on
 
 State ex rel. Asti v. Ohio Dept. of Youth Servs.
 
 ,
 
 107 Ohio St.3d 262
 
 ,
 
 2005-Ohio-6432
 
 ,
 
 838 N.E.2d 658
 
 , for the proposition that in order to assert his statutorily created fall-back rights, he need only demonstrate that he previously held employment in the classified civil service, and he was subsequently displaced from an unclassified position. However, we have previously recognized that R.C. 124.11 was amended after
 
 Asti
 
 was decided such that the amended statutory language indicates when a right under the statute arises.
 
 State ex rel. Haller v. Ohio Dept. of Pub. Safety
 
 , 10th Dist. No. 13AP-975,
 
 2015-Ohio-3778
 
 ,
 
 2015 WL 5485258
 
 , ¶ 5. Accordingly,
 
 Asti
 
 is not controlling in this case.
 

 {¶ 17} ODVS/OVH argue that Harris is not entitled to fall-back rights because he was fired for cause and, by operation of R.C. 124.11(D)(3), forfeited any rights to fall back he may have held. They argue that as a result he cannot demonstrate a clear legal right to his previously held classified position. ODVS/OVH similarly argue they had no clear legal duty to place him in the classified civil service, and, therefore, mandamus was properly denied by the trial court.
 

 {¶ 18} The trial court applied R.C. 124.11 and held that Harris's situation was governed by this law. Under R.C. 124.11, an unclassified employee whose employment is revoked has the right to fall back to a previously held classified position when (1) the previously held classified position was within the same agency that revoked the employee's unclassified employment, (2) the employee has not transferred
 to another agency since the time he last worked in the classified position, and (3) the appointing authority never indicated that the revocation was for "just cause." The trial court found, since Harris's employment was revoked for "just cause," he did not have a clear legal right to demand that his employer return him to his previously held classified position, and the employer did not have a clear legal duty to place Harris in that position.
 

 {¶ 19} Whether Harris has a clear legal right to fall back to his classified position rests on whether he was revoked for just cause. Under R.C. 124.11(D)(3)(a), an employee forfeits the right to resume a position in the classified service when the employee is removed from the position in the unclassified service due to incompetence, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of this chapter or the rules of the director of administrative services, any other failure of good behavior, any other acts of misfeasance, malfeasance, or nonfeasance in office, or conviction of a felony. In this case, Harris was removed for the following reasons: "incompetency, inefficiency, dishonest, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of any policy or work rule of the officer's or employee's appointing authority, violation of this chapter or the rules of the director of administrative services or the commission, any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office." (Compl. at ¶ 15.)
 

 {¶ 20} "It is fundamental that where rights are created by statutes such rights can vest only when all the statutory conditions have been met. It is then, and only then, that a vested right accrues."
 
 State ex rel. Frye v. Bachrach
 
 ,
 
 175 Ohio St. 419
 
 , 423,
 
 195 N.E.2d 803
 
 (1964). Because he does not have the benefit of review by the SPBR of whether he was wrongly terminated for cause, Harris has sought review by the courts to test the efficacy of his termination for cause through declaratory judgment, addressing it in his third assignment of error.
 

 {¶ 21} At this juncture, Harris has not shown he had a clear legal right to fall back to his previous, classified position and he has not shown ODVS/OVH had a clear legal duty to provide to him that opportunity. At this juncture, Harris has not developed or sustained arguments necessary for us to find as a matter of law that the trial court erred when it denied him a writ of mandamus. Accordingly, we decline to address Harris's first and second assignments of error unless and until he can successfully prove that he was not rightfully terminated from his unclassified position for cause.
 

 B. Third Assignment of Error
 

 {¶ 22} In his third assignment of error, Harris contends that the trial court erred when it held he had no right to relief under R.C. 2721.03 through 2721.05 as to a declaration of his rights under R.C. 124.11(D) ; that is, was he rightfully terminated for cause from his unclassified position and thereby not entitled to fall back to a classified position? ODVS/OVH argue that Harris is not entitled to challenge the reason for revoking his unclassified appointment.
 

 {¶ 23} For a trial court to grant relief in declaratory judgment, a plaintiff must demonstrate that (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties.
 
 Burger Brewing Co. v. Liquor Control Comm.
 
 ,
 
 34 Ohio St.2d 93
 
 , 97,
 
 296 N.E.2d 261
 
 (1973).
 

 " 'There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief to preserve rights which may be lost or impaired; or (2) in accordance with R.C. 2721.07, the declaratory judgment will not terminate the uncertainty or controversy.' "
 
 Hill v. Croft
 
 , 10th Dist. No. 05AP-424,
 
 2005-Ohio-6885
 
 ,
 
 2005 WL 3528839
 
 , ¶ 12, quoting
 
 Halley v. Ohio Co.
 
 ,
 
 107 Ohio App.3d 518
 
 , 534,
 
 669 N.E.2d 70
 
 (8th Dist.1995).
 

 {¶ 24} The Supreme Court of Ohio clarified the appellate standard of review of a trial court's dismissal of a declaratory judgment action. Ordinarily, an appellate court reviews dismissals under Civ.R. 12(B)(6) de novo.
 
 See
 

 Fugett v. Ghee
 
 , 10th Dist. No. 02AP-618,
 
 2003-Ohio-1510
 
 ,
 
 2003 WL 1563816
 
 , ¶ 11. But the "[d]ismissal of a declaratory judgment action is reviewed under an abuse-of-discretion standard."
 
 Mid-Am. Fire & Cas. Co. v. Heasley
 
 ,
 
 113 Ohio St.3d 133
 
 ,
 
 2007-Ohio-1248
 
 ,
 
 863 N.E.2d 142
 
 , paragraph two of the syllabus, following
 
 Bilyeu v. Motorists Mut. Ins. Co.
 
 ,
 
 36 Ohio St.2d 35
 
 , 37,
 
 303 N.E.2d 871
 
 (1973). In the longstanding case of
 
 Heasley
 
 , the trial court granted a Civ.R. 12(B)(6) motion to dismiss the plaintiff-insurance company's action for a declaration that it owed no uninsured/underinsured motorist coverage to Heasley, because no actual, justiciable controversy existed between the parties. We affirmed. Noting a conflict between appellate districts on the appropriate standard of appellate review from a trial court's dismissal of a declaratory judgment action, the Supreme Court rejected the insurance company's argument for de novo review and "reaffirm[ed] that declaratory judgment actions are to be reviewed under an abuse-of-discretion standard."
 
 Heasley
 
 at ¶ 14.
 

 {¶ 25} Accordingly, we review the trial court's dismissal of Harris's claim for declaratory relief based on whether we find the trial court abused its discretion in reaching its decision. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's action was unreasonable, arbitrary, or unconscionable.
 
 Blakemore v. Blakemore
 
 ,
 
 5 Ohio St.3d 217
 
 , 219,
 
 450 N.E.2d 1140
 
 (1983).
 

 {¶ 26} Harris pled that he suffered an adverse employment action in that his employment was terminated, and as a consequence, he sustained economic loss due to ODVS/OVH's violation of a state statute affording him protection from loss of employment through fall-back rights to a former classified position. As we noted in reviewing his first and second assignments of error, Harris has no administrative remedy, such as review by the SPBR.
 

 {¶ 27} Due process requires that Harris be afforded the opportunity to challenge the reasons for his removal from his position for cause, since this revocation for "cause" is the basis for his forfeiture of what would otherwise be his right to fall back to his former, classified position. For Harris, it is only in the judicial forum that he can adjudicate his fall-back rights.
 

 {¶ 28} "A 'controversy' exists for purposes of a declaratory judgment when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."
 
 Wagner v. Cleveland
 
 ,
 
 62 Ohio App.3d 8
 
 , 13,
 
 574 N.E.2d 533
 
 (8th Dist.1988). Harris has presented a real controversy that is justiciable.
 

 {¶ 29} ODVS/OVH argue that speedy relief, required for a declaratory judgment, is not necessary to preserve the
 rights of the parties. ODVS/OVH contend that speedy relief requires a showing of a threat "of sufficient immediacy and reality" to warrant intervention by the court.
 
 Reinbolt v. Natl. Fire Ins. Co. of Hartford
 
 ,
 
 158 Ohio App.3d 453
 
 ,
 
 2004-Ohio-4845
 
 ,
 
 816 N.E.2d 1083
 
 , ¶ 14 (6th Dist.), citing
 
 Wagner
 
 at 13,
 
 574 N.E.2d 533
 
 . ODVS/OVH further contend that since the events took place years ago, any rights Harris had have now expired.
 

 {¶ 30} ODVS/OVH's argument is that, since this litigation to enforce Harris's rights has taken years, Harris's rights have expired. We reject this argument as woefully inadequate and wholly invalid. Were we to do otherwise, litigation "foot dragging," whether aided by a court's overcrowded docket or dilatory actions on the part of any party or court in the process, would be an acceptable excuse for the denial of due process.
 

 {¶ 31} While declaratory relief is subject to the discretion of the trial court,
 
 Bilyeu
 
 at syllabus;
 
 Arbor Health Care Co. v. Jackson
 
 ,
 
 39 Ohio App.3d 183
 
 , 185,
 
 530 N.E.2d 928
 
 (10th Dist.1987), the trial court must declare the rights of the parties when the complaint sets forth a viable claim for declaratory relief.
 
 Fioresi v. State Farm Mut. Auto Ins. Co.
 
 ,
 
 26 Ohio App.3d 203
 
 ,
 
 499 N.E.2d 5
 
 (1st Dist.1985). The trial court's discretion to refuse to entertain an action for declaratory judgment must be predicated on a plaintiff's failure to state a claim upon which declaratory relief may be granted; once the trial court determines that a complaint states a viable claim for declaratory relief, it has discretion only to grant or deny the relief plaintiff seeks when it declares the rights of the parties.
 

 {¶ 32} Here, Harris asserted that he suffered an adverse employment action in that his employment was terminated, and he suffered a consequent economic loss that resulted from ODVS/OVH's violation of a state statute affording him protection from loss of employment by restoration to a former classified position. Harris has presented a real controversy that is justiciable; speedy relief is necessary to preserve the rights of the parties. The trial court abused its discretion in granting ODVS/OVH's Civ.R. 12(B)(6) motion to dismiss Harris's cause of action in declaratory judgment. The trial court should have determined the legal question that SPBR could not determine-whether Harris was terminated for cause and thereby forfeited his fall-back rights. Harris's third assignment of error is sustained and we reverse the trial court.
 

 V. CONCLUSION
 

 {¶ 33} For the foregoing reasons, we decline to address Harris's first and second assignments of error as premature, the third assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. This cause is remanded to the trial court to give full consideration to and determine whether Harris was terminated for cause and thereby forfeited his fall-back rights to return to his former classified position.
 

 Judgment reversed; cause remanded with instructions.
 

 TYACK, J., concurs.
 

 SADLER, J., dissents.
 

 R.C. 124.11, effective Sept. 29, 2013.