The STATE, ex rel. BROWN,

v.

DANA.

[Cite as *State, ex rel. Brown, v. Dana* (1990), 66 Ohio App.3d 709.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–66.

Decided June 7, 1990.

*Winkle & Murray* and *Ken Murray; Patricia M. Walsh,* for relator.

*Randall M. Dana,* Ohio Public Defender, and *David C. Stebbins,* for respondents Randall Dana and Ohio Public Defender Commission.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Angela G. Phelps–White,* for respondent state of Ohio.

McCormac, Judge.

Relator was convicted on two counts of aggravated murder and sentenced to death. The Hamilton County Court of Appeals and the Ohio Supreme Court, 38 Ohio St.3d 305, 528 N.E.2d 523, affirmed the convictions and the sentence.

Due to conflict of interest concerns arising from the representation of relator's co-defendant, the State Public Defender entered into personal service contracts with attorneys Ken Murray and Patricia Walsh in which they agreed to provide expert legal services and consultation in relator's postconviction process. Murray's contract provided that he would be compensated at the rate of $45 an hour, plus expenses, not to exceed $15,000. Walsh's contract provided that she would be compensated at a rate of $45 an hour, plus expenses, not to exceed $10,000.

Relator's attorneys depleted the allotted funds before completing the investigation, preparation, and presentation of her postconviction relief petition. After their requests for additional funding were refused, they filed a petition for a writ of mandamus ordering respondent to provide necessary funding so that adequate and equivalent representation, investigation, preparation, and presentation of relator's petition for postconviction relief could be provided.

The petition contained four counts. In her first count, relator asserted that the State Public Defender ("SPD") and the State Public Defender's Commission ("SPDC") had a legal duty, pursuant to R.C. Chapter 120, to provide adequate resources to allow for legal representation, adequate investigation, necessary services of professionals and other experts, and the payment of the associated expenses; that relator had a clear legal right to these resources; and that relator had no adequate remedy at law to redress the failure of the SPD and the SPDC to provide these adequate resources.

In her second count, relator asserted that the SPD and the SPDC had a clear legal duty, pursuant to R.C. Chapter 120, to furnish relator with legal representation equivalent to that which they were providing her co-defendant; that relator had a clear legal right to this; and that relator had no adequate remedy at law.

In her third count, relator asserted that the state of Ohio had a clear legal duty to provide a meaningful review process, pursuant to the constitutional rights of due process, equal protection, and protection from cruel and unusual punishment. Relator contended that meaningful review included adequate resources to fund legal counsel, thorough investigations, necessary services of professionals and other experts, and associated costs. Relator asserted that she had a clear legal right to resources adequate to provide a meaningful review and that no adequate remedy at law was available.

In her fourth count, relator asserted that respondents had a clear legal duty to provide equal protection of the law in capital postconviction proceedings, pursuant to the constitutional rights of due process, equal protection, and protection against cruel and unusual punishment; that she had a clear legal right to this protection; and that she had no adequate remedy at law to

compel respondents to meet their obligation of providing equal protection by providing adequate resources.

In response to relator's petition, the SPD and SPDC moved to dismiss the petition as did the state of Ohio.

R.C. 2731.01 defines "mandamus" as follows:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

The Ohio Supreme Court has formulated a three-prong test to determine whether to issue a writ of mandamus. In *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225, the Ohio Supreme Court set forth this test as follows:

" * * * This court has consistently held that in order for a writ of mandamus to issue the relator must demonstrate '(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.' * * * [Citations omitted]." *Id.* at 29, 6 OBR at 50–51, 451 N.E.2d at 226.

Both motions to dismiss relator's petition for a writ of mandamus are predicated upon the availability of an adequate remedy at law. This court would note that, while respondent SPD styled its motion to dismiss as a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, it is actually a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. This court has jurisdiction to hear mandamus cases. Whether an adequate remedy at law exists pertains to the merits of relator's claim rather than the jurisdiction of this court to evaluate the mandamus action.

The SPD asserted that relator had previously brought claims contained in her petition for a writ of mandamus before the Ohio Supreme Court in the form of a motion for continuance of stay of execution and before the Hamilton County Court of Common Pleas in the form of a petition and amended petition for post-conviction relief. The Ohio Supreme Court refused to grant relator additional time in which to file her postconviction relief petition, but did not rule on the merits of her claim. The relator's amended complaint in the Hamilton County Court of Common Pleas is still pending and, while it contains the same claims which she raises in her petition herein, her requested relief is different. In her amended petition, relator asserts that the state of Ohio, the SPDC, and the SPD have failed to provide her with necessary funds to pursue her postconviction relief in violation of their clear legal duty to do so. Relator

did not ask the common pleas court to grant her the funds that she believed herself to be entitled to but, instead, she informed the court that she was in the process of attempting to procure the funds through this petition in mandamus. She requested the common pleas court to delay consideration of the amended petition until the situation was fully resolved and her counsel had the opportunity and resources to adequately investigate, prepare, and present her postconviction issues.

Although relator did not request the common pleas court to approve the awarding of additional funds, she could have done so pursuant to R.C. 120.06(C) and 2941.51(A).

R.C. 120.06(C) provides, in part, as follows:

" * * * When co-counsel is appointed to assist the state public defender, the co-counsel shall receive any compensation that the court may approve, not to exceed the amounts provided for in section 2941.51 of the Revised Code."

R.C. 2941.51(A) provides, in part, as follows:

"Counsel appointed to a case or selected by an indigent person under division (E) of section 120.16 or division (E) of section 120.26 of the Revised Code, or otherwise appointed by the court, except for counsel appointed by the court to provide legal representation for a person charged with a violation of an ordinance of a municipal corporation, shall be paid for their services by the county the compensation and expenses that the trial court approves. * * * "

If the request for additional funds does not exceed statutory limits and the common pleas court approves the request, relator could attempt to have respondent SPD provide the funds pursuant to R.C. 120.04(B)(10). This section states that the SPD shall:

"(10) Administer sections 120.18, 120.28, 120.33, 2941.51, and 2949.19 of the Revised Code and make reimbursements pursuant to those sections[.]"

Since relator has an adequate remedy at law by way of requesting approval of additional funds from the trial court which must exercise discretion in considering the request, this mandamus action is as a matter of law deficient since at least one, if not all three, of the elements for issuance of a writ of mandamus is lacking.

The mandamus petition is dismissed for failure to state a claim upon which relief can be granted.

*Writ of mandamus dismissed.*

STRAUSBAUGH and PEGGY BRYANT, JJ., concur.