[Cite as *Harris v. Dept. of Veterans Servs.*, 2018-Ohio-2165.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Randall E. Harris, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 16AP-895 |
| v. | : | (C.P.C. No. 16CV-3063) |
| Ohio Department of Veterans Services, et al. | : | |
| | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on June 5, 2018

**On brief:** *Moses Law Offices, L.L.C.,* and *Michael A. Moses,* for appellant. **Argued:** *Michael A. Moses.*

**On brief:** *Michael DeWine*, Attorney General, *Matthew J. Karam,* and *Joseph N. Rosenthal*, for appellees. **Argued:** *Matthew J. Karam.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Randall E. Harris ("Harris"), appeals from a judgment of the Franklin County Court of Common Pleas, granting the Civ.R. 12(B)(6) motion to dismiss of defendants-appellees, Ohio Department of Veterans Services ("ODVS") and the Ohio Veterans' Homes ("OVH") (collectively "ODVS/OVH"). For reasons that follow, we reverse the trial court's decision.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In July 1999, Harris began working as a pharmacy supervisor, a classified civil service position, at OVH. In 2008, the legislature created ODVS, legislating that OVH would become part of and administratively governed by the new ODVS. On August 1, 2010, in organizing the new department, ODVS and OVH appointed Harris to an unclassified civil

service position, pharmacy operations manager. Harris worked in this position until February 10, 2014. On February 10, 2014, OVH terminated Harris for cause by a written notice of removal for "incompetency, inefficiency, dishonest, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of any policy or work rule of the officer's or employee's appointing authority, violation of this chapter or the rules of the director of administrative services or the commission, any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office." (Mar. 29, 2016 Compl. at ¶ 15.) Harris asserted his fall-back rights to his previous classified position.

{¶ 3} On March 3, 2014, Harris appealed his removal to the State Personnel Board of Review ("SPBR") and on the same date filed a letter/appeal with SPBR alleging retaliation under R.C. 124.341. On April 23, 2015, SPBR issued stays of both cases that later expired when Harris subsequently withdrew his SPBR appeals on February 2, 2017, and SPBR closed the cases on May 19, 2017. On March 29, 2016, Harris filed a complaint for a writ of mandamus and for declaratory relief in the Franklin County Court of Common Pleas and amended his complaint twice. ODVS/OVH filed a motion to dismiss the second amended complaint on July 7, 2016. The trial court granted the motion to dismiss on November 30, 2016 and Harris filed a notice of appeal on December 29, 2016.

## II. ASSIGNMENTS OF ERROR

{¶ 4} Harris filed a notice of appeal and raised the following assignments of error for review:

> [1.] THE LOWER COURT ERRED WHEN IT RULED THAT APPELLANT HAD NO CLEAR LEGAL RIGHT TO HIS PREVIOUSLY-HELD CLASSIFIED CIVIL SERVICE POSITION OF PHARMACY SUPERVISOR.
>
> [2.] THE LOWER COURT ERRED WHEN IT RULED THAT APPELLEES HAD NO CLEAR LEGAL DUTY UNDER R.C. SEC. 124.11(D) TO PLACE APPELLANT INTO HIS PREVIOUSLY-HELD CLASSIFIED CIVIL SERVICE POSITION OF PHARMACY SUPERVISOR.
>
> [3.] THE LOWER COURT ERRED WHEN IT RULED THAT APPELLANT HAD NO RIGHT TO RELIEF UNDER R.C. SEC. 2721.03-05 AS TO A DECLARATION OF HIS RIGHTS UNDER R.C. SEC. 124.11(D).

## III. STANDARD OF REVIEW

{¶ 5} Harris filed a complaint for a writ of mandamus and a claim for declaratory judgment that the trial court dismissed pursuant to Civ.R. 12(B)(6). " 'A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus.' " *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8, quoting *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9. A court of appeals uses a de novo standard to review a dismissal by the trial court pursuant to Civ.R. 12(B)(6). *Agrawal v. Univ. of Cincinnati*, 10th Dist. No. 16AP-293, 2017-Ohio-8644, ¶ 8.

{¶ 6} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). When reviewing the complaint, the court must regard all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.* "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus. "Thus, a complaint for a writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6), if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for the relator with sufficient particularity to put the respondent on notice of the substance of the claim(s) being asserted against it, and it appears that the plaintiff might prove some set of facts entitling him to relief." *Talwar v. Sate Med. Bd.*, 156 Ohio App.3d 485, 2004-Ohio-1301, ¶ 4 (10th Dist.).

## IV. DISCUSSION

### A. First and Second Assignments of Error

{¶ 7} At the outset, we note that Harris has sought relief under both mandamus and declaratory judgment. Declaratory judgment is provided for under R.C. 2721.12 et seq., and, as such, it is a legal remedy. While Ohio statute does contain provisions for a remedy in mandamus, that law, R.C. 2731.05, plainly provides the adequacy of a legal remedy (such as declaratory judgment) is a bar to the writ of mandamus. R.C. 2731.05 ("The writ of

mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law.").

{¶ 8} However, the Supreme Court of Ohio has held that there cannot be a per se finding that the two actions are incompatible. *State ex rel. Fenske v. McGovern*, 11 Ohio St.3d 129 (1984); *State ex rel. Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, ¶ 17. Allegations based in declaratory judgment, for example, encompass a statutory question and would provide a complete and adequate remedy, bar mandamus. *State ex rel. Viox Builders, Inc. v. Lancaster*, 46 Ohio St.3d 144, 145 (1989). But where declaratory judgment would not be a complete remedy unless coupled with mandatory injunction, the availability of declaratory judgment is not an appropriate basis for denying a writ of mandamus to which a relator may be otherwise entitled. *Fenske*; *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, ¶ 29. As a threshold matter, we must determine if Harris's mandamus claim is barred by availability of complete relief in declaratory judgment.

{¶ 9} Because Harris's claims arise from his termination as an unclassified civil service pharmacy operations manager, he cannot seek relief (including appeal of denial of fall-back rights and/or an award of back pay) before the SPBR, since the SPBR only has jurisdiction to hear appeals regarding classified employees. *See* R.C. 124.03; *State ex rel. Barley v. Ohio Depart. of Job & Family Servs.*, 132 Ohio St.3d 505, 2012-Ohio-3329, ¶ 8. And while mandamus is not available as a substitute for civil service appeals, *State ex rel. Weiss v. Indus. Comm.*, 65 Ohio St.3d 470, 477 (1992), when no such appeal can be had, mandamus may be appropriate.

> "It is well settled that 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus.' " *Id.* at ¶11, quoting *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 634, 1999 Ohio 130, 716 N.E.2d 704. The Supreme Court of Ohio and the Ohio courts of appeals lack original jurisdiction over actions that, although styled in mandamus, actually seek a declaration of rights, status or other legal relations. [*State ex rel. Ohio Civ. Serv. Employees Assn., AFSCME, Local 11, AFL-CIO v. State Emp. Relations Bd.*, 104 Ohio St.3d 122, 2004-Ohio-6363, ("*OCSEA*"),] ¶11. Nevertheless, " 'where declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature of mandatory

> injunction, the availability of declaratory injunction is not an appropriate basis to deny a writ to which the relator is otherwise entitled.' " *State ex rel. Dayton Fraternal Order of Police Lodge No. 44 v. State Emp. Relations Bd.* (1986), 22 Ohio St.3d 1, 8, 22 Ohio B. 1, 488 N.E.2d 181 , quoting *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 11 Ohio B. 426, 464 N.E.2d 525 , paragraph two of the syllabus. A declaratory judgment that merely announces the existence of a duty has generally not been deemed as adequate as a writ of mandamus that compels performance. *OCSEA* at ¶ 16, citing 1 Antieau, The Practice of Extraordinary Remedies (1987) 300, Section 2.06.

State ex rel. Kingsley v. State Emp. Relations Bd., 10th Dist. No. 09AP-1085, 2011-Ohio-428, ¶ 7.

{¶ 10} In order for a writ of mandamus to issue, the relator must demonstrate (1) that relator has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts requested, and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983). "[A] writ of mandamus can only be issued to require a public official to perform that duty which is required of an office, trust, or station." *May v. State*, 10th Dist. No. 87AP-1193 (Mar. 24, 1988).

{¶ 11} Harris's first two assignments of error relate to mandamus. Because mandamus requires a determination that the relator has no plain and adequate remedy in the ordinary course of the law, we look first to whether declaratory judgment supplies such a plain and adequate remedy, negating the need for mandamus. In reliance on *Kingsley*, we find, even though Harris asserts the need for declaratory judgment on some of his issues, on the issues raised in mandamus Harris has no plain and adequate remedy in the ordinary course of the law, and these issues must be determined in mandamus by a court of competent jurisdiction. R.C. 2731.16 sets forth the explicit power of the court in issuing a writ of mandamus "to carry its order and judgment into execution, or to punish any officer named therein for contempt or disobedience of its orders or writs" and that other sections of the mandamus statute do not limit these powers. We also note that pursuant to R.C. 2731.11, Harris may recover damages against the State in a mandamus action, but the State has waived immunity from such damages only through statutory enactment of the Ohio Court of Claims, which has no original jurisdiction in mandamus. R.C. 2743.02. "[T]he

Court of Claims has no authority to allow writs of mandamus [because] [t]hese are extraordinary writs, and are not encompassed within the grant of 'full equity powers' to the Court of Claims as found in R.C. 2743.03(A)." *State ex rel. Mahoning Cty. Community Corrs. Assoc. v. Shoemaker*, 12 Ohio App.3d 36, 37 (10th Dist.1983), citing R.C. 2731.02, and *Brockman v. Ohio Dept. of Public Welfare*, 7 Ohio App.3d 239 (10th Dist.1982); *Rosso v. Dept. of Adm. Serv.*, 4 Ohio App.3d 312 (10th Dist.1982). *See also Dancy v. Molitoris*, 10th Dist. No. 09AP-749, 2010-Ohio-1382, ¶ 5, citing *Mahoning*. The upshot of this is that if Harris were to prove he is entitled to mandamus and damages for the circumstances that led him to bring the action, his financial recourse is against the State, and he would be required to seek his damages in a separate action in the Court of Claims.

{¶ 12} But Harris must begin by proving two elements of mandamus as asserted in his first two assignments of error—that is, whether he had a clear legal right and whether the State had a clear legal duty. Harris argues first that the trial court erred when it held he had no clear legal right to his previously held classified civil service position of pharmacy supervisor. In his second assignment of error, Harris argues that the trial court erred because it held ODVS/OVH had no clear legal duty to provide him with his fall-back rights pursuant to R.C. 124.11. Since these are both prerequisites for a writ of mandamus to issue, we address them together.

{¶ 13} Ohio's civil service scheme is embedded in the Ohio Constitution and is enacted in R.C. Chapter 124. Civil service employees are divided into classified and unclassified positions and the distinction is significant. R.C. 124.11. A classified employee can be removed only for good cause and only after the procedures set forth in R.C. 124.34 have been followed. *Yarosh v. Becane*, 63 Ohio St.2d 5, 9 (1980). However, unclassified public employees may be terminated from their employment without cause and are not afforded the procedural safeguards in R.C. 124.34. *Barr v. Harrison Cty. Common Pleas Court*, 10th Dist. No. 05AP-760, 2006-Ohio-1348, ¶ 9; *Eudela v. Ohio Dept. of Mental Health & Mental Retardation*, 30 Ohio App.3d 113, 114 (10th Dist.1986). Pursuant to R.C. 124.03, the SPBR has jurisdiction to hear appeals relating to job terminations filed by classified public employees.

{¶ 14} Harris argues he had a constitutionally protected property interest in his classified employment and was entitled to fall-back rights and due process protections

under R.C. 124.11(D) and the Ohio Constitution, Article II, Section 34, and Article XV, Section 10. Harris argues that the trial court abused its discretion in deciding his case because the decision was unreasonable and arbitrary.

{¶ 15} Former R.C. 124.11(D) provided, in pertinent part:

> (1) This division does not apply to persons in the unclassified service who have the right to resume positions in the classified service under sections 4121.121, 5119.18, 5120.38, 5120.381, 5120.382, 5123.08, 5139.02, and 5501.19 of the Revised Code or to cities, counties, or political subdivisions of the state.
>
> (2) A person who holds a position in the classified service of the state and who is appointed to a position in the unclassified service shall retain the right to resume the position and status held by the person in the classified service immediately prior to the person's appointment to the position in the unclassified service, regardless of the number of positions the person held in the unclassified service. An employee's right to resume a position in the classified service may only be exercised when an appointing authority demotes the employee to a pay range lower than the employee's current pay range or revokes the employee's appointment to the unclassified service and:
>
> (a) That person held a certified position prior to July 1, 2007, in the classified service within the appointing authority's agency; or
>
> (b) That person held a permanent position on or after July 1, 2007, in the classified service within the appointing authority's agency.
>
> (3) An employee forfeits the right to resume a position in the classified service when:
>
> (a) The employee is removed from the position in the unclassified service due to incompetence, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of this chapter or the rules of the director of administrative services, any other failure of good behavior, any other acts of misfeasance, malfeasance, or nonfeasance in office, or conviction of a felony; or
>
> (b) Upon transfer to a different agency.

(4) Reinstatement to a position in the classified service shall be to a position substantially equal to that position in the classified service held previously, as certified by the director of administrative services. If the position the person previously held in the classified service has been placed in the unclassified service or is otherwise unavailable, the person shall be appointed to a position in the classified service within the appointing authority's agency that the director of administrative services certifies is comparable in compensation to the position the person previously held in the classified service. Service in the position in the unclassified service shall be counted as service in the position in the classified service held by the person immediately prior to the person's appointment to the position in the unclassified service. When a person is reinstated to a position in the classified service as provided in this division, the person is entitled to all rights, status, and benefits accruing to the position in the classified service during the person's time of service in the position in the unclassified service.[1]

{¶ 16} Based on this former statute and because ODVS/OVH separated him from his unclassified civil service position after he previously served in a classified position, Harris asserts "fall-back" rights to a previously held classified civil service position under former R.C. 124.11(D)(2). Harris relies on *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, for the proposition that in order to assert his statutorily created fall-back rights, he need only demonstrate that he previously held employment in the classified civil service, and he was subsequently displaced from an unclassified position. However, we have previously recognized that R.C. 124.11 was amended after *Asti* was decided such that the amended statutory language indicates when a right under the statute arises. *State ex rel. Haller v. Ohio Dept. of Pub. Safety*, 10th Dist. No. 13AP-975, 2015-Ohio-3778, ¶ 5. Accordingly, *Asti* is not controlling in this case.

{¶ 17} ODVS/OVH argue that Harris is not entitled to fall-back rights because he was fired for cause and, by operation of R.C. 124.11(D)(3), forfeited any rights to fall back he may have held. They argue that as a result he cannot demonstrate a clear legal right to his previously held classified position. ODVS/OVH similarly argue they had no clear legal

---

[1] R.C. 124.11, effective Sept. 29, 2013.

duty to place him in the classified civil service, and, therefore, mandamus was properly denied by the trial court.

{¶ 18} The trial court applied R.C. 124.11 and held that Harris's situation was governed by this law. Under R.C. 124.11, an unclassified employee whose employment is revoked has the right to fall back to a previously held classified position when (1) the previously held classified position was within the same agency that revoked the employee's unclassified employment, (2) the employee has not transferred to another agency since the time he last worked in the classified position, and (3) the appointing authority never indicated that the revocation was for "just cause." The trial court found, since Harris's employment was revoked for "just cause," he did not have a clear legal right to demand that his employer return him to his previously held classified position, and the employer did not have a clear legal duty to place Harris in that position.

{¶ 19} Whether Harris has a clear legal right to fall back to his classified position rests on whether he was revoked for just cause. Under R.C. 124.11(D)(3)(a), an employee forfeits the right to resume a position in the classified service when the employee is removed from the position in the unclassified service due to incompetence, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of this chapter or the rules of the director of administrative services, any other failure of good behavior, any other acts of misfeasance, malfeasance, or nonfeasance in office, or conviction of a felony. In this case, Harris was removed for the following reasons: "incompetency, inefficiency, dishonest, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of any policy or work rule of the officer's or employee's appointing authority, violation of this chapter or the rules of the director of administrative services or the commission, any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office." (Compl. at ¶ 15.)

{¶ 20} "It is fundamental that where rights are created by statutes such rights can vest only when all the statutory conditions have been met. It is then, and only then, that a vested right accrues." *State ex rel. Frye v. Bachrach*, 175 Ohio St. 419, 423 (1964). Because he does not have the benefit of review by the SPBR of whether he was wrongly terminated

for cause, Harris has sought review by the courts to test the efficacy of his termination for cause through declaratory judgment, addressing it in his third assignment of error.

{¶ 21} At this juncture, Harris has not shown he had a clear legal right to fall back to his previous, classified position and he has not shown ODVS/OVH had a clear legal duty to provide to him that opportunity. At this juncture, Harris has not developed or sustained arguments necessary for us to find as a matter of law that the trial court erred when it denied him a writ of mandamus. Accordingly, we decline to address Harris's first and second assignments of error unless and until he can successfully prove that he was not rightfully terminated from his unclassified position for cause.

### B. Third Assignment of Error

{¶ 22} In his third assignment of error, Harris contends that the trial court erred when it held he had no right to relief under R.C. 2721.03 through 2721.05 as to a declaration of his rights under R.C. 124.11(D); that is, was he rightfully terminated for cause from his unclassified position and thereby not entitled to fall back to a classified position? ODVS/OVH argue that Harris is not entitled to challenge the reason for revoking his unclassified appointment.

{¶ 23} For a trial court to grant relief in declaratory judgment, a plaintiff must demonstrate that (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties. *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97 (1973). " 'There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief to preserve rights which may be lost or impaired; or (2) in accordance with R.C. 2721.07, the declaratory judgment will not terminate the uncertainty or controversy.' " *Hill v. Croft*, 10th Dist. No. 05AP-424, 2005-Ohio-6885, ¶ 12, quoting *Halley v. Ohio Co.*, 107 Ohio App.3d 518, 534 (8th Dist.1995).

{¶ 24} The Supreme Court of Ohio clarified the appellate standard of review of a trial court's dismissal of a declaratory judgment action. Ordinarily, an appellate court reviews dismissals under Civ.R. 12(B)(6) de novo. *See Fugett v. Ghee*, 10th Dist. No. 02AP-618, 2003-Ohio-1510, ¶ 11. But the "[d]ismissal of a declaratory judgment action is reviewed under an abuse-of-discretion standard." *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio

St.3d 133, 2007-Ohio-1248, paragraph two of the syllabus, following *Bilyeu v. Motorists Mut. Ins. Co.*, 36 Ohio St.2d 35, 37 (1973). In the longstanding case of *Heasley*, the trial court granted a Civ.R. 12(B)(6) motion to dismiss the plaintiff-insurance company's action for a declaration that it owed no uninsured/underinsured motorist coverage to Heasley, because no actual, justiciable controversy existed between the parties. We affirmed. Noting a conflict between appellate districts on the appropriate standard of appellate review from a trial court's dismissal of a declaratory judgment action, the Supreme Court rejected the insurance company's argument for de novo review and "reaffirm[ed] that declaratory judgment actions are to be reviewed under an abuse-of-discretion standard." *Heasley* at ¶ 14.

{¶ 25} Accordingly, we review the trial court's dismissal of Harris's claim for declaratory relief based on whether we find the trial court abused its discretion in reaching its decision. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 26} Harris pled that he suffered an adverse employment action in that his employment was terminated, and as a consequence, he sustained economic loss due to ODVS/OVH's violation of a state statute affording him protection from loss of employment through fall-back rights to a former classified position. As we noted in reviewing his first and second assignments of error, Harris has no administrative remedy, such as review by the SPBR.

{¶ 27} Due process requires that Harris be afforded the opportunity to challenge the reasons for his removal from his position for cause, since this revocation for "cause" is the basis for his forfeiture of what would otherwise be his right to fall back to his former, classified position. For Harris, it is only in the judicial forum that he can adjudicate his fall-back rights.

{¶ 28} "A 'controversy' exists for purposes of a declaratory judgment when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13 (8th Dist.1988). Harris has presented a real controversy that is justiciable.

{¶ 29} ODVS/OVH argue that speedy relief, required for a declaratory judgment, is not necessary to preserve the rights of the parties. ODVS/OVH contend that speedy relief requires a showing of a threat "of sufficient immediacy and reality" to warrant intervention by the court. *Reinbolt v. Natl. Fire Ins. Co. of Hartford*, 158 Ohio App.3d 453, 2004-Ohio-4845, ¶ 14 (6th Dist.), citing *Wagner* at 13. ODVS/OVH further contend that since the events took place years ago, any rights Harris had have now expired.

{¶ 30} ODVS/OVH's argument is that, since this litigation to enforce Harris's rights has taken years, Harris's rights have expired. We reject this argument as woefully inadequate and wholly invalid. Were we to do otherwise, litigation "foot dragging," whether aided by a court's overcrowded docket or dilatory actions on the part of any party or court in the process, would be an acceptable excuse for the denial of due process.

{¶ 31} While declaratory relief is subject to the discretion of the trial court, *Bilyeu* at syllabus; *Arbor Health Care Co. v. Jackson*, 39 Ohio App.3d 183, 185 (10th Dist.1987), the trial court must declare the rights of the parties when the complaint sets forth a viable claim for declaratory relief. *Fioresi v. State Farm Mut. Auto Ins. Co.*, 26 Ohio App.3d 203 (1st Dist.1985). The trial court's discretion to refuse to entertain an action for declaratory judgment must be predicated on a plaintiff's failure to state a claim upon which declaratory relief may be granted; once the trial court determines that a complaint states a viable claim for declaratory relief, it has discretion only to grant or deny the relief plaintiff seeks when it declares the rights of the parties.

{¶ 32} Here, Harris asserted that he suffered an adverse employment action in that his employment was terminated, and he suffered a consequent economic loss that resulted from ODVS/OVH's violation of a state statute affording him protection from loss of employment by restoration to a former classified position. Harris has presented a real controversy that is justiciable; speedy relief is necessary to preserve the rights of the parties. The trial court abused its discretion in granting ODVS/OVH's Civ.R. 12(B)(6) motion to dismiss Harris's cause of action in declaratory judgment. The trial court should have determined the legal question that SPBR could not determine—whether Harris was terminated for cause and thereby forfeited his fall-back rights. Harris's third assignment of error is sustained and we reverse the trial court.

## V. CONCLUSION

{¶ 33} For the foregoing reasons, we decline to address Harris's first and second assignments of error as premature, the third assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. This cause is remanded to the trial court to give full consideration to and determine whether Harris was terminated for cause and thereby forfeited his fall-back rights to return to his former classified position.

*Judgment reversed;*
*cause remanded with instructions.*

TYACK, J., concurs.
SADLER, J., dissents.

SADLER, J., dissenting.

{¶ 34} Because I find that Harris's complaint fails to state a claim for relief in mandamus, I would affirm the judgment of the common pleas court. Because the majority does not, I respectfully dissent.

{¶ 35} In support of its motion to dismiss in the trial court, the Ohio Veterans' Homes ("OVH") argued that Harris's "currently pending SPBR appeal constitutes an adequate remedy at law until he exhausts his administrative remedies." (Trial Ct. Decision at 6.) I agree.

{¶ 36} "The exhaustion of administrative remedies doctrine requires a person to exhaust available statutory administrative remedies before seeking redress from the judicial system." *Johnson v. Ferguson-Ramos*, 10th Dist. No. 04AP-1180, 2005-Ohio-3280, ¶ 28, citing *Basic Distrib. Corp. v. Ohio Dept. of Taxation*, 94 Ohio St.3d 287, 290 (2002). "[I]t is well-established that the failure to pursue an administrative remedy bars mandamus relief." *State ex rel. Buckley v. Indus. Comm.,* 10th Dist. No. 02AP-498, 2003-Ohio-667, ¶ 3, *aff'd*, 100 Ohio St.3d 68, 2003-Ohio-5072. Similarly, a complaint in mandamus fails to state a claim on which relief may be granted and is subject to dismissal where the complaint shows relator has an adequate remedy at law. *State ex rel. Williams v. Bessey*, 10th Dist. No. 08AP-158, 2009-Ohio-5852, *aff'd*, 125 Ohio St.3d 447, 2010-Ohio-2113; *State ex rel. Brown v. Dana*, 66 Ohio App.3d 709 (10th Dist.1990).

{¶ 37} As the majority decision correctly observes, Harris alleged in his State Personnel Board of Review ("SPBR") appeal that OVH removed him from his position in retaliation for his activities as a "whistleblower."  (Second Am. Compl. in Mandamus at Appx. A.)[2]  Harris further alleged that his removal was the result of an "investigation." (Second Am. Compl. at Appx. A.)

{¶ 38} R.C. 124.341 provides, in relevant part, as follows:

> (A)  If an employee in the classified or unclassified civil service becomes aware in the course of employment of a violation of state or federal statutes, rules, or regulations or the misuse of public resources, and the employee's supervisor or appointing authority has authority to correct the violation or misuse, the employee may file a written report identifying the violation or misuse with the supervisor or appointing authority. * * *
>
> If the employee reasonably believes * * * the violation or misuse is also a violation of Chapter 102., section 2921.42, or section 2921.43 of the Revised Code, the employee may report it to the appropriate ethics commission.
>
> * * *
>
> (D) *If an appointing authority takes any disciplinary or retaliatory action against a classified or unclassified employee as a result of the employee's having filed a report or complaint under division (A) of this section, the employee's sole and exclusive remedy, notwithstanding any other provision of law, is to file an appeal with the state personnel board of review within thirty days after receiving actual notice of the appointing authority's action. If the employee files such an appeal, the board shall immediately notify the employee's appointing authority and shall hear the appeal. The board may affirm or disaffirm the action of the appointing authority or may issue any other order as is appropriate. The order of the board is appealable in accordance with Chapter 119. of the Revised Code.*

(Emphasis added.)

---

[2] "Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss."  *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247 (1997), fn. 1, citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995); *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569 (1996), fn. 1.

{¶ 39} In *Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134 (1997), the Supreme Court of Ohio noted the General Assembly "truly intended" R.C. 124.341 to be the "sole and exclusive" remedy available to classified and unclassified employees who claim whistleblower status. *Id.* at 158-59. The operative facts alleged in Harris's mandamus complaint and the appendix thereto are as follows:

> The reason for my termination is the failure of my department to complete monthly Medication Regimen Reviews for residents of the Ohio Veterans Home, beginning in December 2012, which I reported in January 2013. An investigation of this incident was conducted September through November 2013, which reveals a long-term pattern of administrative neglect (intentional or otherwise), on the part of OVH Superintendent Rick Hatcher and Assistant Superintendent Jim Eckerle. This neglect I believe was retaliation for my contacting the Ohio Ethics Commission in April 2012 concerning the conduct of OVH Superintendent Rick Hatcher.
>
> Superintendent Rick Hatcher resigned in January 2014. I believe his resignation was requested, in part, as a consequence of the above investigation. In addition, Kevin Whaley, the employee conducting the investigation and his supervisor, Buffy Andrews, have also both been terminated. I believe they were terminated in retaliation for conducting a comprehensive investigation that reveals all of the mitigating factors in the case, and the conduct of Rick Hatcher and Tim Eckerle.
>
> I was terminated by OVH Interim Superintendent Frederick Stratmann, a personal friend of Rick Hatcher. There was no consideration given to the mitigating circumstances that were revealed in the investigation. I believe that my termination was an act of retaliation, and intimidation of current OVH employees is an additional goal in this action.

(Second Am. Compl. at ¶ 17, Appx. A.)

{¶ 40} Given Harris's narrative in support of his SPBR appeal, there can be no doubt that Harris's appeal from OVH's removal order invokes SPBR jurisdiction under R.C. 124.341. Pursuant to R.C. 124.341, Harris's SPBR appeal is the sole and exclusive remedy available to an unclassified employee, notwithstanding any other provision of law. Accordingly, Harris's whistleblower appeal to SPBR represents Harris's sole and exclusive remedy at law, notwithstanding Harris's fall-back rights under R.C. 124.11(D). In my view,

Harris's complaint in this case fails to state a claim on which relief may be granted due to the availability of a whistleblower claim under R.C. 124.341.[3]

{¶ 41} R.C. 124.341 authorizes SPBR to hear and determine whistleblower claims filed by unclassified employees. R.C. 124.341(D) permits SPBR to "affirm or disaffirm the action of the appointing authority or may issue any other order as is appropriate." Because SPBR has yet to consider the merits of Harris's R.C. 124.341 appeal, there has been no determination regarding Harris's available remedies under the statute, if any. Ohio law requires Harris to exhaust his available administrative remedies before commencing a mandamus action, and Harris's complaint conclusively demonstrates that he did not do so.

{¶ 42} The complaint alleges Harris moved SPBR to hear and determine his fall-back rights but that SPBR "issued a stay until a judicial determination as to whether he was entitled to * * * fall-back * * * rights to his former classified civil service position." (Second Am. Compl. at ¶ 19.) In his complaint, Harris claims SPBR "has now adopted the position that it does not have authority or jurisdiction under R.C. Chapter 124 to determine the question of whether [he] has displacement rights under R.C. Sec. 124.11(D)." (Second Am. Compl. at ¶ 27.) Accordingly, Harris concludes he had "exhausted his administrative remedies, and has no other recourse." (Second Am. Compl. at ¶ 28.)

{¶ 43} In *State ex rel. Rennell v. Indus. Comm.*, 10th Dist. No. 07AP-67, 2007-Ohio-4597, the state employee signed an agreement for early retirement pursuant to an incentive plan, but he later decided that he did not intend to retire on the date planned. The state employer responded a replacement was already being selected, and the employee could not rescind the retirement agreement. The employee filed an appeal with the SPBR seeking reinstatement to his position in the classified civil service, which was dismissed due to lack of jurisdiction under R.C. 124.03(A). The employee did not appeal from that decision. The employee subsequently filed a mandamus action in this court seeking reinstatement.

{¶ 44} In support of his mandamus action, the employee argued an R.C. Chapter 119 administrative appeal from SPBR's dismissal order was not an adequate remedy because

---

[3]In order to establish a prima facie case under the analogous provisions of R.C. 4113.52, plaintiff must show that "(1) he engaged in activity which would bring him under the protection of the statute; (2) he was subject to an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action." *Pohmer v. JPMorgan Chase Bank, N.A.*, 10th Dist. No. 14AP-429, 2015-Ohio-1229, ¶ 52, citing *Blackburn v. Am. Dental Ctrs.*, 10th Dist. No. 10AP-958, 2011-Ohio-5971, ¶ 8, citing *Wright v. Petroleum Helicopter, Inc.*, 8th Dist. No. 71168 (Sept. 18, 1997), citing *Cooper v. N. Olmsted*, 795 F.2d 1265, 1272 (6th Cir.1986).

SPBR lacked jurisdiction of his claim. This court determined relator's contention regarding SPBR's authority was irrelevant because "[t]he relevant issue is whether an adequate remedy at law existed because [the relator] could have appealed the SPBR's [dismissal] to the court of common pleas." *Id.* at ¶ 4. This court concluded because "R.C. 119.12 permitted relator to appeal the SPBR's order to the common pleas court; * * * an adequate remedy existed." *Id.* We reasoned the availability of an R.C. 119.12 appeal from SPBR's dismissal order was dispositive of the issue whether an adequate remedy existed at law. *Id.*

{¶ 45} In my view, the facts alleged in Harris's complaint require this court to apply the rule of law in *Rennell* as a complete bar to Harris's mandamus claim. Harris timely appealed to SPBR from OVH's removal order pursuant to R.C. 124.341. In the context of that appeal, Harris also sought fall-back rights. R.C. 124.341(D) permits SPBR to "affirm or disaffirm the action of the appointing authority or may issue *any other order as is appropriate*." (Emphasis added.) R.C. 124.341(D) provides that any SPBR decision in an employee's whistleblower appeal is "appealable in accordance with Chapter 119. of the Revised Code." Pursuant to *Rennell*, the availability of an R.C. Chapter 119 appeal provides an adequate remedy at law, even though SPBR has taken the position it does not have jurisdiction to determine Harris's fall-back rights. As previously noted, because SPBR has yet to consider the merits of Harris's R.C. 124.341 appeal, there has been no determination regarding Harris's available remedies under the statute, if any.

{¶ 46} Under the "well-established" law in Ohio, Harris's failure to exhaust his administrative remedy bars mandamus relief. *Buckley* at ¶ 3. *See also Johnson*; *Basic Distrib. Corp.* The fact Harris has apparently chosen to abandon his SPBR appeal during the stay does not alter the fact that Harris had not exhausted his available administrative remedies prior to initiating his mandamus action. Harris's failure to do so bars his mandamus action. *Rennell.*

{¶ 47} To date, no Ohio court has addressed the question whether an unclassified employee seeking to enforce fall-back rights may challenge the employer's decision to remove the employee for cause by filing a mandamus action in the common pleas court. Because R.C. 124.341 vests SPBR with jurisdiction to determine Harris's whistleblower appeal, which is Harris's sole and exclusive legal remedy under the facts alleged in the complaint, and because R.C. 124.341 provides Harris with an R.C. 119.12 appeal from any

subsequent decision by SPBR, I see no justifiable reason to address the question in this appeal.[4]

{¶ 48} For the foregoing reasons, I would affirm the trial court decision denying the writ of mandamus, albeit for a different reason than the trial court.  Accordingly, I respectfully dissent from the majority decision.

---

[4] I also find no support in Ohio law for the proposition that Harris may recover damages from OVH in the Court of Claims based on "the circumstances that led him to bring the action."  (Majority Decision at ¶ 11.)