SADLER, J., dissenting.
 

 {¶ 34} Because I find that Harris's complaint fails to state a claim for relief in mandamus, I would affirm the judgment of the common pleas court. Because the majority does not, I respectfully dissent.
 

 {¶ 35} In support of its motion to dismiss in the trial court, the Ohio Veterans' Homes ("OVH") argued that Harris's "currently
 pending SPBR appeal constitutes an adequate remedy at law until he exhausts his administrative remedies." (Trial Ct. Decision at 6.) I agree.
 

 {¶ 36} "The exhaustion of administrative remedies doctrine requires a person to exhaust available statutory administrative remedies before seeking redress from the judicial system."
 
 Johnson v. Ferguson-Ramos
 
 , 10th Dist. No. 04AP-1180,
 
 2005-Ohio-3280
 
 ,
 
 2005 WL 1515324
 
 , ¶ 28, citing
 
 Basic Distrib. Corp. v. Ohio Dept. of Taxation
 
 ,
 
 94 Ohio St.3d 287
 
 , 290,
 
 762 N.E.2d 979
 
 (2002). "[I]t is well-established that the failure to pursue an administrative remedy bars mandamus relief."
 
 State ex rel. Buckley v. Indus. Comm.,
 
 10th Dist. No. 02AP-498,
 
 2003-Ohio-667
 
 ,
 
 2003 WL 321537
 
 , ¶ 3,
 
 aff'd
 
 ,
 
 100 Ohio St.3d 68
 
 ,
 
 2003-Ohio-5072
 
 ,
 
 796 N.E.2d 522
 
 . Similarly, a complaint in mandamus fails to state a claim on which relief may be granted and is subject to dismissal where the complaint shows relator has an adequate remedy at law.
 
 State ex rel. Williams v. Bessey
 
 , 10th Dist. No. 08AP-158,
 
 2009-Ohio-5852
 
 ,
 
 2009 WL 3674672
 
 ,
 
 aff'd
 
 ,
 
 125 Ohio St.3d 447
 
 ,
 
 2010-Ohio-2113
 
 ,
 
 928 N.E.2d 1091
 
 ;
 
 State ex rel. Brown v. Dana
 
 ,
 
 66 Ohio App.3d 709
 
 ,
 
 586 N.E.2d 150
 
 (10th Dist.1990).
 

 {¶ 37} As the majority decision correctly observes, Harris alleged in his State Personnel Board of Review ("SPBR") appeal that OVH removed him from his position in retaliation for his activities as a "whistleblower." (Second Am. Compl. in Mandamus at Appx. A.)
 
 [2]
 
 Harris further alleged that his removal was the result of an "investigation."(Second Am. Compl. at Appx. A.)
 

 {¶ 38} R.C. 124.341 provides, in relevant part, as follows:
 

 (A) If an employee in the classified or unclassified civil service becomes aware in the course of employment of a violation of state or federal statutes, rules, or regulations or the misuse of public resources, and the employee's supervisor or appointing authority has authority to correct the violation or misuse, the employee may file a written report identifying the violation or misuse with the supervisor or appointing authority. * * *
 

 If the employee reasonably believes * * * the violation or misuse is also a violation of Chapter 102., section 2921.42, or section 2921.43 of the Revised Code, the employee may report it to the appropriate ethics commission.
 

 * * *
 

 (D)
 
 If an appointing authority takes any disciplinary or retaliatory action against a classified or unclassified employee as a result of the employee's having filed a report or complaint under division (A) of this section, the employee's sole and exclusive remedy, notwithstanding any other provision of law, is to file an appeal with the state personnel board of review within thirty days after receiving actual notice of the appointing authority's action. If the employee files such an appeal, the board shall immediately notify the employee's appointing authority and shall hear the appeal. The board may affirm or disaffirm the action of the appointing authority or may issue any other order as is appropriate. The order of the board is
 

 appealable in accordance with Chapter 119. of the Revised Code.
 

 (Emphasis added.)
 

 {¶ 39} In
 
 Kulch v. Structural Fibers, Inc.
 
 ,
 
 78 Ohio St.3d 134
 
 ,
 
 677 N.E.2d 308
 
 (1997), the Supreme Court of Ohio noted the General Assembly "truly intended" R.C. 124.341 to be the "sole and exclusive" remedy available to classified and unclassified employees who claim whistleblower status.
 
 Id.
 
 at 158-59,
 
 677 N.E.2d 308
 
 . The operative facts alleged in Harris's mandamus complaint and the appendix thereto are as follows:
 

 The reason for my termination is the failure of my department to complete monthly Medication Regimen Reviews for residents of the Ohio Veterans Home, beginning in December 2012, which I reported in January 2013. An investigation of this incident was conducted September through November 2013, which reveals a long-term pattern of administrative neglect (intentional or otherwise), on the part of OVH Superintendent Rick Hatcher and Assistant Superintendent Jim Eckerle. This neglect I believe was retaliation for my contacting the Ohio Ethics Commission in April 2012 concerning the conduct of OVH Superintendent Rick Hatcher.
 

 Superintendent Rick Hatcher resigned in January 2014. I believe his resignation was requested, in part, as a consequence of the above investigation. In addition, Kevin Whaley, the employee conducting the investigation and his supervisor, Buffy Andrews, have also both been terminated. I believe they were terminated in retaliation for conducting a comprehensive investigation that reveals all of the mitigating factors in the case, and the conduct of Rick Hatcher and Tim Eckerle.
 

 I was terminated by OVH Interim Superintendent Frederick Stratmann, a personal friend of Rick Hatcher. There was no consideration given to the mitigating circumstances that were revealed in the investigation. I believe that my termination was an act of retaliation, and intimidation of current OVH employees is an additional goal in this action.
 

 (Second Am. Compl. at ¶ 17, Appx. A.)
 

 {¶ 40} Given Harris's narrative in support of his SPBR appeal, there can be no doubt that Harris's appeal from OVH's removal order invokes SPBR jurisdiction under R.C. 124.341. Pursuant to R.C. 124.341, Harris's SPBR appeal is the sole and exclusive remedy available to an unclassified employee, notwithstanding any other provision of law. Accordingly, Harris's whistleblower appeal to SPBR represents Harris's sole and exclusive remedy at law, notwithstanding Harris's fall-back rights under R.C. 124.11(D). In my view, Harris's complaint in this case fails to state a claim on which relief may be granted due to the availability of a whistleblower claim under R.C. 124.341.
 
 [3]
 

 {¶ 41} R.C. 124.341 authorizes SPBR to hear and determine whistleblower claims filed by unclassified employees.
 

 R.C. 124.341(D) permits SPBR to "affirm or disaffirm the action of the appointing authority or may issue any other order as is appropriate." Because SPBR has yet to consider the merits of Harris's R.C. 124.341 appeal, there has been no determination regarding Harris's available remedies under the statute, if any. Ohio law requires Harris to exhaust his available administrative remedies before commencing a mandamus action, and Harris's complaint conclusively demonstrates that he did not do so.
 

 {¶ 42} The complaint alleges Harris moved SPBR to hear and determine his fall-back rights but that SPBR "issued a stay until a judicial determination as to whether he was entitled to * * * fall-back * * * rights to his former classified civil service position." (Second Am. Compl. at ¶ 19.) In his complaint, Harris claims SPBR "has now adopted the position that it does not have authority or jurisdiction under R.C. Chapter 124 to determine the question of whether [he] has displacement rights under R.C. Sec. 124.11(D)." (Second Am. Compl. at ¶ 27.) Accordingly, Harris concludes he had "exhausted his administrative remedies, and has no other recourse." (Second Am. Compl. at ¶ 28.)
 

 {¶ 43} In
 
 State ex rel. Rennell v. Indus. Comm.
 
 , 10th Dist. No. 07AP-67,
 
 2007-Ohio-4597
 
 ,
 
 2007 WL 2505143
 
 , the state employee signed an agreement for early retirement pursuant to an incentive plan, but he later decided that he did not intend to retire on the date planned. The state employer responded a replacement was already being selected, and the employee could not rescind the retirement agreement. The employee filed an appeal with the SPBR seeking reinstatement to his position in the classified civil service, which was dismissed due to lack of jurisdiction under R.C. 124.03(A). The employee did not appeal from that decision. The employee subsequently filed a mandamus action in this court seeking reinstatement.
 

 {¶ 44} In support of his mandamus action, the employee argued an R.C. Chapter 119 administrative appeal from SPBR's dismissal order was not an adequate remedy because SPBR lacked jurisdiction of his claim. This court determined relator's contention regarding SPBR's authority was irrelevant because "[t]he relevant issue is whether an adequate remedy at law existed because [the relator] could have appealed the SPBR's [dismissal] to the court of common pleas."
 
 Id.
 
 at ¶ 4. This court concluded because " R.C. 119.12 permitted relator to appeal the SPBR's order to the common pleas court; * * * an adequate remedy existed."
 
 Id.
 
 We reasoned the availability of an R.C. 119.12 appeal from SPBR's dismissal order was dispositive of the issue whether an adequate remedy existed at law.
 
 Id.
 

 {¶ 45} In my view, the facts alleged in Harris's complaint require this court to apply the rule of law in
 
 Rennell
 
 as a complete bar to Harris's mandamus claim. Harris timely appealed to SPBR from OVH's removal order pursuant to R.C. 124.341. In the context of that appeal, Harris also sought fall-back rights. R.C. 124.341(D) permits SPBR to "affirm or disaffirm the action of the appointing authority or may issue
 
 any other order as is appropriate
 
 ." (Emphasis added.) R.C. 124.341(D) provides that any SPBR decision in an employee's whistleblower appeal is "appealable in accordance with Chapter 119. of the Revised Code." Pursuant to
 
 Rennell
 
 , the availability of an R.C. Chapter 119 appeal provides an adequate remedy at law, even though SPBR has taken the position it does not have jurisdiction to determine Harris's fall-back rights. As previously noted, because SPBR has yet to consider the merits of Harris's R.C. 124.341 appeal, there has been no determination
 regarding Harris's available remedies under the statute, if any.
 

 {¶ 46} Under the "well-established" law in Ohio, Harris's failure to exhaust his administrative remedy bars mandamus relief.
 
 Buckley
 
 at ¶ 3.
 
 See also Johnson
 
 ;
 
 Basic Distrib. Corp.
 
 The fact Harris has apparently chosen to abandon his SPBR appeal during the stay does not alter the fact that Harris had not exhausted his available administrative remedies prior to initiating his mandamus action. Harris's failure to do so bars his mandamus action.
 
 Rennell.
 

 {¶ 47} To date, no Ohio court has addressed the question whether an unclassified employee seeking to enforce fall-back rights may challenge the employer's decision to remove the employee for cause by filing a mandamus action in the common pleas court. Because R.C. 124.341 vests SPBR with jurisdiction to determine Harris's whistleblower appeal, which is Harris's sole and exclusive legal remedy under the facts alleged in the complaint, and because R.C. 124.341 provides Harris with an R.C. 119.12 appeal from any subsequent decision by SPBR, I see no justifiable reason to address the question in this appeal.
 
 [4]
 

 {¶ 48} For the foregoing reasons, I would affirm the trial court decision denying the writ of mandamus, albeit for a different reason than the trial court. Accordingly, I respectfully dissent from the majority decision.
 

 "Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss."
 
 State ex rel. Crabtree v. Franklin Cty. Bd. of Health
 
 ,
 
 77 Ohio St.3d 247
 
 ,
 
 673 N.E.2d 1281
 
 (1997), fn. 1, citing
 
 State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.
 
 ,
 
 72 Ohio St.3d 106
 
 , 109,
 
 647 N.E.2d 799
 
 (1995) ;
 
 State ex rel. Midwest Pride IV, Inc. v. Pontious
 
 ,
 
 75 Ohio St.3d 565
 
 , 569,
 
 664 N.E.2d 931
 
 (1996), fn. 1.
 

 In order to establish a prima facie case under the analogous provisions of R.C. 4113.52, plaintiff must show that "(1) he engaged in activity which would bring him under the protection of the statute; (2) he was subject to an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action."
 
 Pohmer v. JPMorgan Chase Bank, N.A.
 
 , 10th Dist. No. 14AP-429,
 
 2015-Ohio-1229
 
 ,
 
 2015 WL 1432546
 
 , ¶ 52, citing
 
 Blackburn v. Am. Dental Ctrs.
 
 , 10th Dist. No. 10AP-958,
 
 2011-Ohio-5971
 
 ,
 
 2011 WL 5825391
 
 , ¶ 8, citing
 
 Wright v. Petroleum Helicopters, Inc.
 
 , 8th Dist. No. 71168,
 
 1997 WL 578939
 
 (Sept. 18, 1997), citing
 
 Cooper v. N. Olmsted
 
 ,
 
 795 F.2d 1265
 
 , 1272 (6th Cir.1986).
 

 I also find no support in Ohio law for the proposition that Harris may recover damages from OVH in the Court of Claims based on "the circumstances that led him to bring the action." (Majority Decision at ¶ 11.)